FILED
U.S. DISTRICT COURT

2019 JUN -6 P 3: 16

DISTRICT OF UTAH

_____
        ITY CLERK



Schenkkade 50
The Hague - 2595 AR
The Netherlands
Tel: +31-70-800-2093
Fax: +31-70-808-0254
Email: admin@childabductioncourt.eu

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
351 South West Temple, Rm. 1.100
Salt Lake City, Utah 84101

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

Case No. 2:19-cv-00245

Judge Dee Benson

**Stephan Schurmann**,

Plaintiff,

VS.

**Bradley Carr, et. al.**

Defendants,

### PLAINTIFF MOTION TO STRIKE DEFENDANT's CARR PLEADING FOR MOTION TO DISMISS FOR FRAUD ON THE COURT

COME NOW the Plaintiff, STEPHAN SCHURMMAN, and move this Honorable Court for an order striking Defendant's pleadings, entering default, striking defenses, or such other relief as the Court deems appropriate for fraud upon the Court, discovery providing wrong information of material evidence, and as grounds therefore state as follows:

## INTRODUCTION

Plaintiff seeks sanction against Defendant on the grounds that Defendant has engaged in deception and attempted fraud upon the Court, by giving false statements by his none participation individually and as part of a conspiracy, did knowingly, intentionally and maliciously committed the overt act of extortion against the Plaintiff in furtherance of the conspiracy to inflict emotional distress.

Further, the actions of the defendants have deprived the Plaintiff of his custodial rights to his only born son, DSS. Defendant Anqui is actively involved in criminal custodial interference by a non-custodial parent.

Further, the Defendants, individually and severally, took actions to harass, threaten and intimidate Plaintiff electronically in violation of Utah civil and criminal code **Section 76-6-406 (Title 76 Utah Statutes) defines** Extortion:

## BACKGROUND

Plaintiff Schurmann and Defendant Anqui married in 2007 and in 2008 had a son, D.S.S., while residing in the Country of Spain. In 2010, Plaintiff came to the United States with his family. They entered the U.S. legally on a temporary E-2 Entrepreneur Visa after Mr. Schurmann invested nearly $1 million in a construction business. The family settled in Birmingham, Alabama.

Unfortunately, during the severe economic downturn, the construction business in Alabama failed, and the family relocated to the Florida Panhandle to pursue more opportunities and try to sell the factory equipment and machinery to recover the losses of the business.

One of those opportunities came in Pennsylvania, where Mr. Schurmann spent several weeks trying to sell his factory equipment and machinery and ultimately to return to Marbella, Spain, the legal domicile of the family. In his absence, Anqui began an adulterous affair with Tedrick.

Anqui initiated divorce proceedings in Okaloosa County Florida Circuit Court in December, 2014. In February 2015 and before the proceedings were complete – it's important to note that Mr. Schurmann returned immediately to Marbella, Spain to the family's legal domicile to file a Petition under The Hague Convention for the wrongful retention of his child.

While in Utah, Defendants Anqui and Tedrick began a campaign of harassment, threats, emotional abuse and extortion designed to deprive Plaintiff of the custodial rights to his own son. Additionally, Defendants concocted and executed a scheme to extort several hundred thousand dollars from Plaintiff.

In 2017, Anqui and Tedrick hired defendant Bradley Carr, a Utah attorney. Carr, in his role as attorney and under the Color of his authority as a Utah attorney, joined the conspiracy and conducted his own campaign of threats, extortion and intimidation.

## SUMMARY OF DEFENDANTS' MISCONDUCT AND DECEPTION

On 17th May 2019 Defendant Carr pleaded a Motion to Dismiss him from the matter in stake before your honorable bench, on the following grounds that we quote:

"**Res Judicata.** *These issues are res judicata. Stephen is essentially attempting to sue Bradley Carr, Jubilie's agent, for the same claims for which he successfully defended her.* **Intentional Infliction of Emotional Distress.** *The complaint merely, copies the*

*Model Jury Instructions and makes the conclusory statement that "Defendants clearly and unequivocally meet each and every standard of proof..." The only overt act specifically alleged in the complaint was an email to the Plaintiff from Bradley indicating that Bradley would represent Jubilie in her requested adoption free of charge if he did not stop the harassment. The harassment stopped, therefore, Bradley did not pursue the adoption pro bono. At any rate, indicating a lawful course of action that will be taken (i.e. offering to represent a client pro bono) if harassment did not stop does not meet the elements as a matter of law.*

> ***Extortion.*** *The complaint provides no legal basis for a civil claim of extortion. It merely cites to the Utah Criminal Code. This is not a criminal matter and the complaint provides no bases for civil liability on the criminal statute.*
>
> ***Harassment.*** *The complaint provides no statements of the elements of this cause of action. It merely says Plaintiff is suing for harassment, then immediately starts making allegations related to Intentional Infliction of Emotional Distress."*

Practically, he tries to surprise your honorable bench without any legal proof that could dismiss him from this lawsuit that he is been part of. Accordingly, to Ziccardi v. Stother the burden of proof it is develop during the process by acting all the proof pieces within the process : <u>Although no Florida case has squarely addressed this issue, generally in Florida the burden of proof is a procedural issue. See Walker LaBerge, Inc. v. Halligan, 344 So.2d 239, 243 (Fla. 1977) ("Burden of proof requirements are procedural in nature."); Ziccardi v. Strother, 570 So.2d 1319, 1321 (Fla.2d DCA 1990) (modification of the burden of proof in a statute did not amount to substantive change in the law). This Court has explained, "[S]ubstantive law prescribes duties and rights and procedural law concerns the means and methods to apply and enforce those duties and rights." Alamo Rent-a-Car, Inc., v. Mancusi, 632 So.2d 1352, 1358 (Fla. 1994); see Benyard v. Wainwright, 322 So.2d 473, 475 (Fla. 1975). The burden of proof clearly concerns the means and methods to apply and enforce duties and rights under a contract and we find no reason to depart from this general rule for conflict-of-laws purposes.</u>

He only merely paraphrases Plaintiff statements of facts without any legal support to proof his case in fact he only attached some irrelevant e-mails that has nothing to do with the core of the suit that he is part of. So, in this sense Defendant is lying before your honorable bench. Breaching (Defendant) sections 76-8-502 (False or inconsistent material and statements), and 76-8-506 (Providing false information to peace officers, government agencies or specified professionals) Utah Criminal Code.

We must add that Defendant during the course of 2016 and into 2017, sent an extortive e-mail to Plaintiff (Exhibit A) that pointed:

> *"I will reach out to your ex wife in January and draw up papers free of charge to terminate your parental rights and have her new husband adopt your son,"* Attorney Carr, a member of the Utah Barr, wrote. *"We will do a confidential name change and there would be no way of tracking down your ex the next time she moves. The entire process only takes me about 45 days."*

WHEREFORE, Plaintiffs move this Honorable Court to strike Defendant's pleadings an enter default, or alternatively impose sanctions deemed appropriate by the Court, or alternatively find that presumptions of negligence against Defendant are appropriate at any trial of this matter.

Further, Plaintiffs move this Court to conduct an evidentiary hearing to the extent the Court deems it necessary for a determination of these issues.

Because I, Stephan Schurmann, are unable to travel to the United States to appear in person, I hereby appoint the

**International Criminal Court against Child Kidnapping (ICCACK) and the**

**United States Criminal Tribunal against Child Kidnapping (USCTACK),**
**With address at: 1717 Pennsylvania Avenue NW - Suite 1025, Washington, DC 20006**

And his employee, Attorney at Law:

**Mr. Giovanni Marotta, DOB 23/04/1977, an Italian Citizen with same legal address at 1717 Pennsylvania Avenue NW - Suite 1025, Washington, DC 20006**

as my true and lawful Attorney-in-Fact to act in my name, place and stead, and on my behalf, and shall have full powers to represent me in regard to the above styled matter.

At the same time, I revoke all powers of representation granted to Mr. John Holland 490 M Street SW Apt. W-503 Washington, D.C. 20024 in the following case to act in my name.

IN WITNESS WHEREOF, I have executed this Affidavit, this 30th day of May 2019 in front of an ICCACK officer.

*[signature]*

_____
**Stephan Schurmann**

Signed, Sealed and delivered in the presence of:

*[signature]*

**Giovanni Marotta – Attorney at Law**
**International Criminal Court against Child Kidnapping**
**& United States Criminal Tribunal Against Child Kidnapping**

The foregoing AFFIDAVIT was acknowledged before me this 30th day May 2019, by Stephan Schurmann, who has produced a German passport as identification.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by e-mail this 3rd day of June 2019, to: Bradly Carr 10808 River Front Parkway, Suite 175 South Jordan, Utah 84095 Bradly Carr email: brad@carrwoodall.com and U.S. Class First E-mail.

*[signature]*

**Giovanni Marotta – Attorney at Law**
**International Criminal Court against Child Kidnapping**
**& United States Criminal Tribunal Against Child Kidnapping**
**1717 Pennsylvania Avenue NW - Suite 1025, Washington, DC 20006**

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

## ELECTRONIC NOTICING REGISTRATION FORM

Unrepresented (pro se) parties may request electronic email notification and service of documents in an active case filed in the District of Utah by filing a written motion with the court and attaching this completed form to the motion.

**Please review the rights you waive (listed below) by signing this form.**

| Giovanni | | Marotta |
|---|---|---|
| Name - First | Middle | Last |

1717 Pennsylvania Avenue NW - Suite 1025, Washington, DC 20006
**Mailing Address**

Washington, DC 20006
**City, State, Zip**

+1-202-559-9148 (Reception)

**Telephone Number**

**Email Address(es):**

**Primary e-mail address:**  giovanni.marotta@childabductioncourt.org

Up to two additional e-mail addresses: 1) admin@childabductioncourt.eu

**You must read, understand, and check all three boxes to receive e-mail notice in your cases**

> **X** I understand that I will receive one 'free look' at each document for which I receive an emailed NEF (Notice of Electronic Filing). I should print and/or save this document at this time for future reference.
>
> **X** I understand that I may obtain a PACER login to retrieve documents that I have not printed out or saved. I may register online at http://www.pacer.gov.

| X | I understand I will receive email notices in all cases in which I am a participant or a party. |

Date: 3rd Day of June 2019          Signature:_____

Please mail this completed form to:

United States District Court

ATTN: CM/ECF Registration

351 S. West Temple, Rm 1.100

Salt Lake City, Utah 84101

International Criminal Court Against
Child Kidnapping
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, DC 20006




U.S. POSTAGE PAID
FCM LETTER
WASHINGTON, DC
20006
JUN 03, 19
AMOUNT
$7.15
R2305K139228-45

1000   84101



CERTIFIED MAIL



7018 3090 0000 7804 6629

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
351 South West Temple, Rm. 1.100
Salt Lake City, Utah 84101