FILED
U.S. DISTRICT COURT

2019 JUN 20  P 1:46

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

Jubilie Anqui
Jonathan Tedrick
Email _____
Address 5164 E. Rio Grande Way
Eagle Mtn., UT. 84005

# UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| STEPHAN SCHURMANN,<br>Plaintiff,<br><br>vs.<br><br>BRADLEY CARR, JONATHAN LINK TEDRICK, JUBILIE ANQUI-TEDRICK,<br>Defendants. | MOTION TO DISMISS AND COUNTERMOTION FOR SANCTIONS<br><br>Case Number 2:19-CV-00245<br><br>Judge Dee Benson |

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendants Jonathan Tedrick and Jubilie Anqui move to dismiss this matter and state as follows:

Plaintiff is a vexatious litigant. Plaintiff has filed matters in Federal Court, Florida District Court, and Utah District Court. Most recent, he filed a complaint alleging various torts in Utah District Court (Case Number 17-0902925). In that complaint, Plaintiff asserts the following causes of action: Intentional Infliction of Emotional Distress, Interference with Custodial Rights, False Imprisonment, Prima Facie Tort, Loss of Consortium, and Civil Conspiracy. The facts surrounding that complaint are effectively identical to those alleged herein. (See Complaint attached as Exhibit A).

A motion to dismiss was filed in that matter (Exhibit B). That complaint was dismissed by the trial court judge.

Plaintiff appealed the dismissal. The Utah Court of Appeals affirmed the dismissal.

Plaintiff's complaint in this matter alleges Intentional Infliction of Emotional Distress and cites facts that predate his complaint in Utah District Court. Essentially, Plaintiff makes all of the same allegations in connection with virtually the same causes of action. The complaint also alleges Extortion and Harassment.

**Intentional Infliction of Emotional Distress.** This claim is barred by the doctrine of res judicata. It is identical to the claim Plaintiff brought in 2017. The trial court dismissed the complaint. The trial court's dismissal was affirmed on appeal. Therefore, this cause of action should be dismissed.

**Extortion.** "Utah Law does not recognize a civil claim for relief for extortion." (*See* 1:09-CV-169). Based thereon, this cause of action should be dismissed.

**Harassment.** Utah Law only recognizes a criminal cause of action for harassment. *See* Section 76-5-106, Utah Code Ann. There is no civil cause of action in Utah for Harassment. Based thereon, this cause of action should also be dismissed.

## CONCLUSION

Plaintiff's complaint fails to state a claim on which relief can be granted. WHEREFORE, the complaint should be dismissed. This matter was filed in bad faith. The imposition of sanctions under the court's inherent authority is discretionary. *Air Separation, Inc. v. Underwriters at Lloyd"s of London*, 45 F.3d 288, 291 (9th Cir. 1995). The court's inherent power extends to a full range of litigation abuses. *Fink*, 239 F.3d at 992 (quoting Chambers, 501

2

U.S. at 46-47). Plaintiff should be assessed a fine of $2,500.00 and required to pay said fine before he can seek affirmative relief in any court in Utah, State or Federal.

DATED this 18th day of June 2019.

_____
JONATHAN LINK TEDRICK

DATED this 18 day of June 2019.

_____
JUBILIE ANQUI-TEDRICK

Certificate of Service

I certify that on this 18th day of June 2019, I served a true and correct copy of the foregoing document on the following parties in the manner indicated:

| John Holland<br>490 M Street SW Apt. W-503<br>Washington, D.C. 20024 | Sent via US First Class Mail<br>Sent 5/29/19<br># 9500 1265 3416 9149 3794 02 |
|---|---|

_____
JUBILIE ANQUI-TEDRICK