IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEPHAN SCHURMANN,<br><br>Plaintiff,<br><br>v.<br><br>BRADLEY CARR, JONATHAN LINK TEDRICK, and JUBILIE ANQUI-TEDRICK,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:19-cv-00245-DB-PMW<br><br>District Judge Dee Benson<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are two motions to dismiss[2] filed by Defendant Bradley Carr ("Carr") and Defendants Jonathan Link Tedrick ("Tedrick") and Jubilie Anqui-Tedrick's ("Anqui") (collectively, "Defendants"); Plaintiff Stephan Schurmann's ("Plaintiff" or "Schurmann") motion to strike,[3] motion for order to subpoena defendants,[4] and motion to compel compliance with subpoena.[5] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District

---

[1] *See* ECF No. 5.

[2] *See* ECF Nos. 3, 7.

[3] *See* ECF No. 6.

[4] *See* ECF No. 8.

[5] *See* ECF No. 10.

1

Court for the District of Utah Rules of Practice, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

### **RELEVANT BACKGROUND**[6]

Schurmann and Anqui were married in Costa Rica on March 18, 2007. Their son, D.S.S., was born in Spain in August 2008. The parties moved to the United States in 2010; and in 2014, Anqui filed for divorce in Okaloosa County, Florida, Circuit Court.[7] Schurmann left the United States voluntarily on February 20, 2015, before resolution of the divorce proceedings or the custody dispute over D.S.S.[8] "[Schurmann] said he understood before leaving the United States

---

[6] Most of the background information is taken from Plaintiff's complaint and documents that are either attached to or referenced in the complaint or attached to Defendants' motions to dismiss. When considering a motion to dismiss, the court may review the contents of the complaint, as well as documents referenced in the complaint that are central to the plaintiff's claim without converting the motion into one for summary judgment. *See Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). Additionally, the court takes judicial notice of certain court cases, the contents of which will be referenced in the following factual background. The court recognizes that Rule 12(d) of the Federal Rules of Civil Procedure generally requires a court to treat a motion to dismiss as a motion for summary judgment when matters outside the complaint are considered. *See* Fed. R. Civ. P. 12(d). However, since court cases are the type of public records that are subject to judicial notice, the court's consideration of them does not require the court to treat the motions to dismiss as motions for summary judgment. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004); *City of Phila. v. Fleming Cos.*, 264 F.3d 1245, 1251 n.4 (10th Cir. 2001); *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000).

[7] *See Stephan Schurmann v. Jubilie Anqui*, No. 3:15-cv-224-MCR-CJK (N. D. Fla. Aug. 5, 2015); *see* ECF No. 7-3 at 21–22.

[8] *See* ECF No. 7-3 at 22.

that he would not be allowed to reenter the country for ten years because he had overstayed his E-2 Investor Visa."[9] On May 18, 2015, Plaintiff filed a Petition for Return of Minor Child ("Petition") pursuant to the Hague Convention in the United States District Court in the Northern District of Florida.[10] The Northern District Court of Florida held that Plaintiff failed to show a wrongful retention of the child had occurred and denied the Petition.[11] The Okaloosa County Court in Florida has continuing jurisdiction over Schurmann, Anqui, and their minor child regarding all domestic and child custody matters.[12]

The allegations that comprise Plaintiff's complaint relate dispute between Schurmann and Anqui for custody over D.S.S. Specifically, Plaintiff alleges that Defendants "in 2015 and continuing until today, embarked on a scheme to cause pain and inflict emotional stress and damage on the Plaintiff. The ultimate goal of this scheme was to deprive Plaintiff of his internationally recognized and constitutionally protected 'ne exeat' rights as a custodial parent."[13] In support, Plaintiff refers to an email exchange with Anqui on April 21, 2015, and an email from Carr, Anqui's divorce attorney, on December 23, 2017. According to Plaintiff, these emails, along with other nondescript actions alleged to have occurred throughout the custody dispute, demonstrate Defendants "each committed the overt act of extortion against the Plaintiff

---

[9] *Id.*

[10] *Id.* at 16.

[11] *Id.* at 29.

[12] *See In Re the Marriage of Jubilie C. Anqui and Stephan Schurmann*, No. 2014-DR-4691 (Okaloosa Cty. Ct. Jan. 28, 2015); *see* ECF No. 7-2 at 46.

[13] ECF No. 1 at 3.

in furtherance of the conspiracy to inflict emotional distress" in depriving Plaintiff of his custodial rights.[14] Plaintiff filed this action against Defendants alleging intentional infliction of emotional distress (Count I), extortion (Count II), and harassment (Count III).

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted). "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

---

[14] *Id*. at 2.

In conducting the analysis of Defendants' motions to dismiss, the court is mindful that Plaintiff is proceeding pro se in this case and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

## ANALYSIS

### I. Count I

#### A. Subject-Matter Jurisdiction

Plaintiff's first claim is for intentional infliction of emotional distress involving events related to the custody dispute for D.S.S. The court does not have jurisdiction over Plaintiff's intentional infliction of emotional distress claim because it primarily concerns a dispute between

5

parents over custody of their child. "[E]ven if diversity exists and the amount in controversy is satisfied, federal courts in diversity actions do not have jurisdiction to resolve domestic relations claims concerning child custody." *Kee v. Hines*, No. 17-CV-03780-LB, 2017 WL 7513648, at *3 (N. D. Cal. Nov. 30, 2017), *report and recommendation adopted*, No. C 17-3780 SBA, 2018 WL 789586 (N. D. Cal. Feb. 8, 2018) (dismissing claim for intentional infliction of emotional distress for lack of jurisdiction because the allegations related to a custody dispute an child-support payments) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 693-95 (1992)).

Here, Plaintiff's intentional infliction of emotional distress claims focus on the dispute between Anqui and himself, and related events involving Carr acting in his role as Anqui's divorce attorney. Likewise, the allegations alleged against Tedrick appear to only stem from his role as Anqui's husband and therefore as a bystander to the divorce and custody action. In support of the claims, Plaintiff alleges "after relocating from Florida to Utah, Defendants [Anqui] and Tedrick initiated and acted upon a scheme to extort at least $250,000 from the Plaintiff, threatening to keep him from ever seeing his son if Plaintiff did not wire the money to a secret, offshore account."[15] Plaintiff goes on to state that "the actions in this case—to deliberately deprive a man of access to his own son, and to concoct a criminal scheme to dangle him tantalizingly out of reach—is the very definition of outrageous and intolerable conduct."[16] Plaintiff also complains that the actions taken by Carr throughout the divorce and custody action were "designed to intimidate and inflict severe emotional distress on Plaintiff."[17] Plaintiff avers

---

[15] ECF No. 1 at 4.

[16] *Id*.

[17] *Id*. at 6.

that "the very idea that Carr would threaten to take Plaintiff Schurmann's son away and give it to the very man who stole his family is 'outrageous' under the legal definitions of the State of Utah and every other definition one can imagine."[18]

Because the claim for intentional infliction of emotional distress arises primarily from Plaintiff's divorce and custody dispute, the court does not have jurisdiction over the claims. Accordingly, the court recommends Plaintiff's claims for intentional infliction of emotional distress be dismissed.

      B.     <u>Failure to State a Claim</u>

Alternatively, Defendants argue Plaintiff has failed to state a claim for intentional infliction of emotional distress. The court agrees. To state a claim for intentional infliction of emotional distress, a plaintiff must establish that: (1) "the defendant intentionally engaged in some conduct toward the plaintiff considered outrageous and intolerable in that it offends the generally accepted standards of decency and morality"; (2) the defendant engaged in such conduct "with the purpose of inflicting emotional distress or where any reasonable person would have known that such would result"; and (3) "severe emotional distress resulted as a direct result of the defendant's conduct." *Russell v. Thomson Newspapers*, *Inc*., 842 P.2d 896, 905 (Utah 1992).

> A court is to determine whether a defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. Outrageous conduct, for purposes of the tort of intentional infliction of emotional distress, is conduct that evokes outrage or revulsion; it must be more than unreasonable, unkind, or unfair. Additionally, conduct is not outrageous simply because it is

---

[18] *Id.*

7

> tortious, injurious, or malicious, or because it would give rise to
> punitive damages, or because it is illegal.

*Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002) (quotations and citations omitted).

Plaintiff has failed to make any allegations with respect to the required elements to establish intentional infliction of emotional distress outside of conclusory allegations that the conduct is outrageous and intolerable, which the court is not required to accept. *See Witt v. Roadway Express*, 136 F.3d 1424, 1431 (10th Cir. 1998) (providing that when addressing a motion to dismiss for failure to state a claim, the court must "accept as true all well-pleaded facts, as distinguished from conclusory allegations"). For these reasons, Plaintiff's claims against Defendants for intentional infliction of emotional distress fail, and the court recommends granting Defendants' motions to dismiss.

## II.     Counts II and III

Count II attempts to state a cause of action for criminal extortion pursuant Utah Code § 76-6-406, and Count III attempts to state a cause of action for criminal harassment pursuant to Utah Code § 76-5-106.

Plaintiff fails to state a claim for extortion and harassment because the criminal statutes do not support private civil actions. Plaintiff offers no authority to support an interpretation of the statutes otherwise. "A criminal statute may provide an implied private right of action if Congress so intended in enacting the criminal statute." *Wisdom v. First Midwest Bank of Poplar Bluff,* 167 F.3d 402, 407 (8th Cir.1999) (citing *Thompson v. Thompson,* 484 U.S. 174, 179, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988) (as "holding that a private remedy will not be implied unless legislative intent can be inferred from statutory language or elsewhere"). The statutes are

singularly criminal in nature and offer nothing from which to infer an available civil remedy. For these reasons, Count II for extortion and Count III for harassment should be dismissed. Accordingly, the court recommends that Defendants' motions to dismiss be granted and that Count II and Count III be dismissed with prejudice.

### III. Opportunity to Amend

When dismissing a case for failure to state a claim, courts should grant leave to amend even if no request to amend the pleading was made unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Dopp v. Loring*, 54 F. App'x 296, 298 (10th Cir. 2002); *see also Bellmon,* 935 F.2d at 1110 n.3. Based on the fact that the motions to dismiss provided Plaintiff notice and opportunity to amend and based on the above analysis, the court concludes that providing Plaintiff with the opportunity to amend his complaint would be futile because he could not allege facts that would save his claims from dismissal under the analysis above. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.") (quotations and citation omitted).

### IV. Motion for Sanctions

Defendants Anqui and Tedrick move the court to impose sanctions upon Plaintiff for filing this action in bad faith.[19] Rule 11 of Federal Rules of Civil Procedure provides "[a] motion for sanctions must be made separately from any other motion and must describe the specific

---

[19] *See* ECF No. 7.

conduct that allegedly violations Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The instant motion for sanctions was not filed as a separate motion but rather Defendants styled their request for sanctions as a "countermotion" included within their motion to dismiss.[20] Additionally, Defendants fail to describe specific conduct that supports their bad faith allegation. For these reasons, the court recommends Defendants' motion for sanctions[21] be denied.

### IV. All Other Pending Motions

In light of the court's conclusion that this action should be dismissed, all of Plaintiff's pending motions[22] should be deemed moot.

### CONCLUSION AND RECOMMENDATION

Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' motions to dismiss[23] be **GRANTED**.

2. Plaintiff's claims for intentional infliction of emotional distress (Count I) be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, or Plaintiff's claims for intentional infliction of emotional distress (Count I) be **DISMISSED WITH PREJUDICE** for failure to state a claim.

3. Plaintiff's claim for extortion (Count II) be **DISMISSED WITH PREJUDICE**.

4. Plaintiff's claim for harassment (Count III) be **DISMISSED WITH PREJUDICE**.

---

[20] *Id.*

[21] *Id.*

[22] *See* ECF Nos. 6, 8, 10.

[23] *See* ECF Nos. 3, 7.

5.  Defendants' countermotion for sanctions[24] be **DENIED**.

6.  All of Plaintiffs' pending motions[25] be deemed **MOOT**.

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

**DATED** this 24th day of February, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[24] *See* ECF No. 7.

[25] *See* ECF Nos. 6, 8, 10.